UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN R. DEMOS,

                Plaintiff,

   v.

BERNARD WARNER, *et al.*,

                Defendants.

Case No. C15-566 RSL-BAT

**REPORT AND RECOMMENDATION**

Plaintiff John Demos applies for leave to proceed *in forma pauperis* ("IFP") with a proposed civil-rights complaint. Dkts. 1, 1-2. Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and was sentenced to an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968 (Wash. 1980).

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit **only three IFP**

REPORT AND RECOMMENDATION - 1

**applications and proposed actions** each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff contends that unspecified prison staff members are threatening his life because he "know[s] too much," withholding food, and denying him medical attention. Dkt. 1-2, at 3. He contradicts these allegations by attaching grievances that demonstrate that prison staff have responded immediately and thoroughly to his complaints regarding perceived threats, his desire to have more time to chew his food, and his attempt to transform a request to bring food back to his cell into a medical issue. Dkt. 1-2, 5–34. Plaintiff further asserts that female staff "engage in prostitution with the inmates for pay," that unspecified prison staff members placed whiskey in his cell as a bribe to stay quiet, and that drunk prison staff might accidentally shoot him. Dkt. 1-2, at 3. Plaintiff seeks a jury trial, an out-of-court settlement, appointment of counsel, an injunction, and $1 million in damages. Dkt. 1-2, at 4.

The Court finds that plaintiff's § 1983 action may not proceed. First, plaintiff fails to state a claim upon which relief may be granted. Plaintiff makes implausible and conclusory allegations about prison staff as a whole being inattentive about his personal-safety, dietary, and medical needs, but his attached grievances demonstrate precisely the opposite. His implausible and unspecific allegations regarding prostitution and drunken, armed guards also do not suggest how his constitutional or federal rights are being violated. Second, plaintiff's proposed complaint does not contain "a plausible allegation that the prisoner faced imminent danger of serious

REPORT AND RECOMMENDATION - 2

1  physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)

2  (internal citations omitted). His instant application to proceed IFP thus does not meet the

3  "imminent danger" requirement for three-strikes litigants under 28 U.S.C. § 1915(g).

4        The Court recommends **DENYING** plaintiff's IFP application, Dkt. 1, and

5  **DISMISSING** the proposed complaint without prejudice for failure to state a claim upon which

6  relief may be granted and failure to meet the "imminent danger" requirement for three-strikes

7  litigants. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(g), 1915A(b)(1).

8        DATED this 15th day of April, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge